UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
RODRIGUE ABELLARD JR.,              )
          Plaintiff,                )
                                    )        Civil Action No.
          v.                        )        25-10196-NMG
                                    )
COMMONWEALTH, et al.,               )
          Defendants.               )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Rodrigue Abellard Jr. has filed a pro se complaint, a motion to stay state court proceedings, a motion to confer, a motion to annul marriage, and a motion for leave to proceed in forma pauperis. For the reasons stated below, the court allows the motion for leave to proceed in forma pauperis and denies the remaining motions. If plaintiff wishes to proceed, he must file an amended complaint that states a plausible claim for relief.

I.   Background

This action arises from what plaintiff alleges were unconstitutional proceedings before the Middlesex Probate and Family Court. As defendants, Abellard has identified the Commonwealth of Massachusetts, the Middlesex Probate and Family Court, the Middlesex Probate and Family Court Clerk's Office, the Middlesex Probation Department, the Commissioner of

Probation, Probation Officer Michael McCarthy, the Chief Justice of the Probate and Family Court, and the First Justice of the Middlesex Probate Court. Docket No. 1. Abellard provides a Massachusetts address. Id. at ¶ I(B). Plaintiff asserts this Court's federal question jurisdiction pursuant to 5 U.S.C. § 706; 18 U.S.C. §§ 241, 242; and 42 U.S.C. §§ 1983, 1985. Id. at ¶ II(A).

For the statement of claim, Abellard states that "the actions of the Probate Court, the Clerk's Office, the Probation Department, and the Child Support Enforcement Agency collectively violated [his] constitutional rights and subjected [him] to procedural misconduct that deprived [him] of due process." Id. at 8 (statement of claim). "Specifically, [Abellard states that he] was issued an improper notice by Probation Officer Michael McCarthy, which falsely implied that [Abellard's] case could be dismissed if [he] failed to comply." Id. Abellard further contends that an "eight-day delay before retracting the notice caused [Abellard] emotional distress, confusion, and disruption in [his] legal proceedings." Id. Abellard states that "[t]heir conduct reflects systematic deficiencies that undermine the fairness and integrity of judicial proceedings, depriving [Abellard] of [his] ability to litigate on equal footing." Id.

2

In an exhibit to the complaint, Abellard states that the "notice issued by Probation Officer Michael McCarthy is invalid and procedurally defective." Docket No. -1 at 1. Among other things, he states that "[t]he Probation Department lacks the legal authority to impose a dismissal threat without judicial endorsement" and that because the notice "issued on January 8 2025, with a deadline of January 13, 2025" failed to provide him with reasonable notice and an opportunity to respond. Id.

For relief, Abellard seeks compensatory and punitive damages, a declaration that the "Defendants' actions violated [Abellard's] constitutional rights," an order enjoining "Defendants from issuing unauthorized notices, engaging in ex parte actions, or continuing their pattern of procedural misconduct." Id. at 9 (relief).

## II.   Motion for Leave to Proceed in Forma Pauperis

Based on the information Abellard provided, the motion for leave to proceed in forma pauperis is ALLOWED.

## III. Screening of the Complaint

Because Abellard is proceeding in forma pauperis, his complaint is subject to screening pursuant to 28 U.S.C. §1915(e)(2). Under that statute, the Court must dismiss an action if, among other things, it fails to state a claim upon which relief may be granted or seeks monetary damages from a party that is immune.

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 8(d)(1) of the Federal Rules of Civil Procedure provides that allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citations omitted).

In conducting this review, the Court liberally construes Abellard's complaint because he is proceeding without legal representation. See Haines v. Kerner, 404 U.S. 519, 520-21

4

(1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st

Cir. 2004).

## III. Discussion

Abellard's allegations are insufficient to state a claim

upon which relief may be granted. As an initial matter, the

complaint fails to meet the pleading requirements of Rule 8.

Dismissal for failing to comply with Rule 8 is an appropriate

remedy if the Complaint "is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is

well disguised." Sayied v. White, 89 Fed. Appx. 284, 284 (1st

Cir. 2004) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d

Cir. 1988)).  Here, the factual allegations are not pleaded in a

manner such that defendants can reasonably respond because the

allegations are conclusory and mostly asserted collectively

against the defendants.

Although Abellard's complaint and exhibits refer to a

notice issued by the defendant probation officer, other than the

date of issue, Abellard fails to provide any additional

identifying information.  He has not attached a copy of the

notice at issue.[1]

---

[1] The First Circuit has repeatedly cautioned that "[o]rdinarily,
a court may not consider any documents that are outside of the
complaint, or not expressly incorporated therein...." Graf v.
Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014)
(internal citation and quotation marks omitted). The exhibit
does not fall into any exception to the general rule. See, e.g.,
Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) ("[C]ourts have

In addition, many portions of the complaint fail to allege which particular claim is asserted against which particular defendant and why. "[A]ny adequate response [is] impractical, if not impossible." Losano v. Evans, No. 22-CV-12122-JGD, 345 F.R.D. 8, 11 (D. Mass. 2023).

Plaintiff cannot assert a claim against the defendants pursuant to 5 U.S.C. § 706 because the Administrative Procedure Act ("APA") applies only to federal agencies. Gibbs v. N.H. Dep't of Corr. Comm'r Helen Hanks, 561 F.Supp.3d 139, 150 (D.N.H. 2021) ("[t]he APA governs federal agency action, not the conduct of any state employees and officers named as defendants."); see also 5 U.S.C. § 551(1) (defining "agency" to include "each authority of the Government of the United States"); 5 U.S.C. § 701(b)(1) (defining agencies subject to APA); 5 U.S.C. § 702 (providing the injunctive relief available under the APA is applicable to "the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.").

---

made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.").

To the extent Abellard seeks to assert claims pursuant to
18 U.S.C. §§ 241-242, such claims fail.  Abellard cannot bring a
civil lawsuit based upon the alleged violation of federal
criminal statutes.  A private citizen "'has no authority to
initiate a federal criminal prosecution,' nor to seek other
relief based on alleged violations of federal criminal
statutes."  Diaz v. Perez, No. 16-11860-RGS, 2016 WL 6871233, at
*5 (D. Mass. Nov. 21, 2016) (citing Cok v. Cosentino, 876 F.2d
1, 2 (1st Cir. 1989)).  The federal criminal statutes referred
to in the complaint do not confer a private right of action.
Cent. Bank of Denver v. First Interstate Bank of Denver, 511
U.S. 164, 190 (1994) (refusing to infer a private right of
action from a "bare criminal statute"); see also e.g., Cok v.
Cosentino, 876 F.2d at 2 (stating that only the United States as
prosecutor can bring a complaint under 18 U.S.C. §§ 241-242);
Rockefeller v. U.S. Ct. of App. Office, for Tenth Circuit
Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (granting motion to
dismiss claim brought under 18 U.S.C. § 242).  Therefore, the
complaint fails to state a claim under the federal criminal
statutes.

To the extent Abellard challenges a state court proceeding[2],
the Rooker-Feldman doctrine and Younger abstention doctrine bar

---

[2] The complaint fails to identify the state proceedings in
question.  The closest references to specific state court
proceedings are found in Abellard's complaint, Docket No. 1 at

7

such claims.   Under the Rooker-Feldman doctrine, a federal
district court lacks jurisdiction over a final judgment of a
state court.   See Geiger v. Foley Hoag LLP Retirement Plan, 521
F.3d 60, 65 (1st Cir. 2008).   The Younger abstention doctrine,
arising from Younger v. Harris, 401 U.S. 37 (1971), bars the
exercise of federal jurisdiction if it "would interfere (1) with
an ongoing state judicial proceeding; (2) that implicates an
important state interest; and (3) that provides an adequate
opportunity for the federal plaintiff to advance his federal
constitutional challenge."   Rossi v. Gemma, 489 F.3d 26, 34-35
(1st Cir. 2007).   State probation matters and issues surrounding
child support, as alleged to in the pleadings, would be
precluded under one or both of these doctrines.   If state court
proceedings are ongoing, this Court lacks subject matter
jurisdiction under the Younger abstention doctrine. If a final
order has been entered in a state court proceeding, this federal
court lacks subject matter jurisdiction over such claims under
the Rooker-Feldman doctrine.

Speaking broadly, § 1983 provides a remedy for the
violation of a federal right by a person acting under the color
of state law, but its application is not without limitations.

---

7) ("child support enforcement"), and in Abellard's motion to
annul marriage, Docket No. 4 ("[several district courts] have
improperly issued restraining orders in favor of Defendant
Charles against Plaintiff."   Id. at 2.

A state (including its agencies and departments) is not a "person" within the meaning of § 1983. See Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). Here, the Commonwealth is not a person within the meaning of § 1983.

The Eleventh Amendment bars claims for money damages brought against a state or state employees acting in their official capacities. The Eleventh Amendment generally bars actions for money damages in federal court against a State, its departments and its agencies, and its employees acting in their official capacities unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). Congress did not abrogate Massachusetts' sovereign immunity by enacting Section 1983. See Will, 491 U.S. at 66; Quern v. Jordan, 440 U.S. 332, 334 (1979). To the extent he seeks monetary damages, Massachusetts has not consented to suit in federal courts for the types of claims for which Abellard seeks compensatory and punitive damages. See Coggeshall v. Ma. Bd. of Registration of Psychs., 604 F.3d 658, 662 (1st Cir. 2010); Irwin v. Comm'r Dep't of Youth Sers., 388 Mass. 810, 821 (1983).

## IV.   FILING OF AN AMENDED COMPLAINT

To the extent Abellard wishes to proceed, he must file an amended complaint—a new stand-alone document—that states a

plausible claim.    As an amended complaint completely replaces

the original complaint, see Brait Builders Corp. v.

Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st

Cir. 2011), plaintiff should repeat in the amended complaint any

allegations in the original complaint that he wishes to be part

of the operative complaint along with sufficient allegations to

state a plausible claim.    The amended complaint must identify

all of the parties in the caption.    It must set forth the basis

for this Court's exercise of jurisdiction.    It should, in

numbered paragraphs, focus on the legal claims against each

defendant, along with the basis for such claims. In other words,

plaintiff should set forth at least minimal facts as to who did

what to whom, when, and where. He should not assert claims

collectively against the defendants, but rather should

separately parcel out the claims against each defendant, or if

appropriate, groups of identified defendants. He also should not

assert multiple causes of action against a defendant in one

count; rather, he should identify separately each cause of

action and the grounds therefore.

    If an amended complaint is filed, it will be further

screened pursuant to 28 U.S.C. § 1915(e)(2)(B).    Failure to do

so likely will result in dismissal.

V.    Conclusion

    Accordingly, the Court hereby orders:

1.   The motion (Docket No. 7) for leave to proceed in
forma pauperis is GRANTED  and the motions to stay (Docket No.
2), to confer (Docket No. 3) and to annul marriage (Docket No.
4) are DENIED.

2.   To the extent Abellard wishes to proceed in this
matter, he must file, on or before August 29, 2025, an amended
complaint that states a plausible claim.  Failure to timely
comply will result in dismissal of this action.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 08/04/2025

11